Argued and submitted July 11, 1983, affirmed February 8, 1984

SMALLEY,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(CA A26609)

675 P2d 1129

Paul S. Petterson, Portland, argued the cause and filed the brief for petitioner.

Jan Peter Londahl, Portland, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner appeals from an order of the Motor Vehicles Division (division) suspending his license for failure to complete a driver improvement course ordered by the division. He raises a number of assignments of error, but the only issue of substance is whether the division had statutory authority to suspend a driver's license for that reason. We affirm.

Under the version of the statute in effect at the time of petitioner's suspension, the division had authority to establish, by administrative rule, a driver improvement program designed to reduce traffic convictions and accidents. ORS 482.850(1) (*amended by* Or Laws 1983, ch 507, § 12). Development of criteria for requirements of the program and necessary enforcement provisions was delegated to the administrator of the division who, under ORS 481.940, may make the rules necessary for the administration and enforcement of laws the division is charged with administering. Considering that it would be anomalous for the legislature to authorize creation of a driver improvement program without authorizing enforcement of the program requirements, the general authority of the division under ORS 481.940 alone is sufficient to support the division's sanction of suspension of the driver's license of a person who fails to meet program requirements.[1]

Moreover, ORS 481.940 is not the only statutory provision delegating legislative authority to the division to suspend the driver's license of such persons. ORS 482.470 (*amended by* Or Laws 1983, ch 584, § 2, Or Laws 1983, ch 721, § 28, and Or Laws 1983, ch 735, § 4)[2] also implies such authorization:

"(1)  The division shall not suspend a license for a period of more than one year except:

---

[1] ORS 482.850(2) was amended by Oregon Laws 1983, chapter 507, section 12, to grant the division explicit authority to suspend the license of a driver who fails to complete a driver improvement program. It now provides, in relevant part:

"(2) The program authorized by this section may authorize, by rule, the division to suspend a person's license:

"* * * * *

"(b) If the person fails or refuses to complete or comply with a requirement of the program established by the division under this section."

[2] None of the 1983 amendments is germane to our analysis.

"* * * * *

"(e) When the driver fails to complete a requirement of ORS 482.850."

Because ORS 482.850 provides only for the establishment by the division of a driver improvement program and does not articulate requirements of that program, we conclude that the legislature intended the "requirements" to which it referred in ORS 482.470(1)(e) to be those imposed by the division's administrative rules. We interpret the statute to mean that the division is authorized to suspend for a period exceeding one year the driver's license of a person who fails to complete a driver improvement course. Implicit in such authority is the concomitant authority for the division's suspension of a driver's license for that reason for a lesser period of time, such as the one-year period in this case.

■ We find additional support for the division's authority to suspend petitioner's driver's license in the relevant provisions of the version of ORS 482.850 in effect at the time of his suspension, together with ORS 482.450. ORS 482.450(1)(d) grants the division authority to suspend without a hearing the driver's license of a person it has reason to believe is a habitual incompetent driver.[3] At the time petitioner was ordered to complete a driver improvement course, standards for determining when the division has reason to believe a person is a habitual incompetent driver were appropriately delimited by former OAR 735-31-060, based on the number of convictions and avoidable accidents within specified time periods. Under the undisputed facts, the division had reason to believe petitioner was a habitual incompetent driver. Under ORS 482.850(2) (*amended by* Or Laws 1983, ch 507, § 12), the division, in pursuit of driver improvement goals, could stay suspension of driving privileges that otherwise would have been imposed under ORS 482.450. Thus, because the division initially could have suspended the license of petitioner as an habitual incompetent driver, it plainly could suspend his license when he subsequently failed to complete a required driver improvement course.

Affirmed.

---

[3] The person, of course, would be entitled to a post-suspension hearing. ORS 482.450(2).